# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN W. RALSTON, JR.,          )
                   Petitioner,      )
                              )
      vs.                        ) Civil Action No. 12-762
                              ) Judge Nora Barry Fischer
D.O.C. PA.; SUPERINTEND WINGARD; ) Magistrate Judge Maureen P. Kelly
THE ATTORNEY GENERAL OF     )
PENNSYLVANIA,            )
             Respondents. ) Re:  ECF No. 12

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Respondents' Motion to Dismiss be granted and that this Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), filed pursuant to 28 U.S.C. § 2254, be dismissed because it is a second or successive petition, and, as such, this Court lacks jurisdiction over the Petition.

### II. REPORT

At the time of filing the Petition, John W. Ralston ("Petitioner") was apparently held in the State Correctional Institution at Laurel Highlands ("SCI-Laurel Highlands"). By means of the Petition, he seeks to challenge his state court convictions obtained in the Court of Common Pleas of Lawrence County, which is located within the United States District Court for the Western District of Pennsylvania. Petitioner was convicted on July 21, 1988 of multiple counts of involuntary deviate sexual intercourse and incest. Petitioner was sentenced on November 3, 1989 to an aggregate term of imprisonment of 22 ½ to 45 years. ECF No. 12 at 1, ¶ 2. Respondents filed a Motion to Dismiss, ECF No. 12, in which they asserted that the Petition is "second or successive" and must be dismissed because this Court lacks subject matter

jurisdiction. The Respondents are correct and so it is recommended that the Petition be dismissed as second or successive.

## A. Relevant Procedural History

Petitioner is proceeding *pro se*. After the Petition was filed, ECF No. 4, the Respondents filed a Motion to Dismiss the Petition. ECF No. 12. The Court ordered the Respondents to file a brief in support of the Motion to Dismiss. ECF No. 13. Petitioner filed a Reply to the Motion to Dismiss. ECF No. 14. Petitioner then filed an amendment to the Petition, wherein he sought to expound upon a claim made in the Petition. In the amendment, Petitioner raised the claim that the absence of transcripts at a critical stage constitutes a substantive due process violation. ECF No. 15. Petitioner filed a duplicate of the amendment at ECF No. 17. Meanwhile, the Respondents filed their Brief in Support of the Motion to Dismiss. ECF No. 16. Most recently, Petitioner filed a Motion to Appoint Counsel, which is being denied today by separate order.

## B. The AEDPA applies

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments for petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996. Because Petitioner's habeas petition was filed after the effective date of the AEDPA, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

The AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. Tyler v. Cain, 533 U.S. 656 (2001). In the AEDPA, Congress enacted restrictions on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) ("The purpose of the gatekeeping restrictions was to prevent

abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). The gatekeeping provisions of the AEDPA provide that if the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed by the Court of Appeals in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed by the Court of Appeals unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A). However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so. In other words, he must convince, the Court of Appeals that his second or successive petition comes within this narrow exception permitted by

the AEDPA and the habeas petitioner must have the Court of Appeals grant him leave to file such second or successive petition. 28 U.S.C. § 2244(3).[1]

The AEDPA does not define the phrase "second or successive." Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires this procedure for second or successive application, it does not define what is meant by 'second' or 'successive.'"). A numerically second petition is not necessarily "second or successive" within the contemplation of the AEDPA, if it attacks a different criminal judgment or if the earlier petition terminated without a judgment, as for example, where the earlier petition was dismissed without prejudice for failure to exhaust state court remedies. See, e.g., Stewart v. Martinez-Villareal, 523 U.S. 637 (1998); Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997); Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997).

Under Section 2244(b)(3)(A), a numerically second petition may not necessarily constitute a "second or successive petition". The United States Supreme Court has construed § 2244(b) in a manner that avoids an overly literal construction of the term "second or successive" petition, recognizing that some types of "second" petitions do not implicate the judicially

---

[1] 28 U.S.C. § 2244(b)(3) provides in full as follows:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

developed abuse-of-the-writ principles that were the basis for the AEDPA's statutory restrictions. See Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

In Stewart, the Supreme Court held that §2244(b)(3)(A) authorization was not required because although petitioner's claim that he could not be executed due to the fact that he was incompetent to be executed, had been raised in his earlier petition, the earlier petition was dismissed without prejudice as premature. "This may have been the second time that respondent had asked the federal courts to provide relief on his Ford claim," the Supreme Court explained, "but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)." Id. at 643. The claim was not a "second or successive" petition under the AEDPA because the petitioner "brought his claim in a timely fashion, and it has not been ripe for resolution until now." Id. at 645. The Supreme Court expressly stated that a later petition should not be considered successive when the earlier petition was dismissed without prejudice for failure to exhaust state remedies, and that the AEDPA should not be construed so that the dismissal of an earlier petition "for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." Id. at 645. Essentially, where a first petition was brought and dismissed but not addressed on the merits, a second petition challenging the same conviction is not subject to the requirement that the petitioner apply to the Court of Appeals for permission to file the second petition.

In contrast, where a prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals. See, e.g., Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005)("for a subsequent

petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits."); Greene v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000) ("The present petition is not a 'second or successive petition' because the earlier petition, filed in 1993, was not adjudicated on the merits.").

**C. Discussion**

In the present Petition, Petitioner is challenging the very same conviction that he challenged in two prior Section 2254 habeas petitions, namely, Ralston v. Love, No. 94-CV-660 (W.D. Pa.) (the "1994 Petition") and Ralston v. Rosemeyer, No. 00-CV-137 (W.D. Pa.) (the "2000 Petition"). Because the Court dismissed the 2000 Petition "on the merits" within the meaning of the AEDPA's second or successive jurisprudence, the present Petition should be dismissed as being second or successive.[2]

The 2000 Petition was the subject of a Report by then Magistrate Judge Sensenich, who recommended that the 2000 Petition be dismissed as being time-barred under the AEDPA's statute of limitations. See Appendix B (Magistrate Judge Sensenich's Report). District Court Judge Gustave Diamond adopted Magistrate Judge Sensenich's Report and Recommendation. Ralston v. Rosemeyer, No. 00-CV-137 (W.D. Pa. Dkt. No. 21). Such a disposition constitutes a decision "on the merits" within the meaning of the AEDPA's second or successive jurisprudence. Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (holding an earlier petition

---

[2] Although the Respondents appear to rely upon the dismissal of the 1994 Petition (in addition to the 2000 Petition) as a basis to render the present Petition, second or successive, see ECF No. 16 at 12, the 1994 Petition was not dismissed "on the merits" but was actually dismissed for failure to exhaust state court remedies. Appendix A, attached hereto (Memorandum Order adopting Magistrate Judge Sensenich's Report). Such a disposition does not constitute a decision on the merits within the meaning of the AEDPA's second or successive jurisprudence. Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

dismissed on the basis of AEDPA's statute of limitations barred a second petition because the prior dismissal based on the statute of limitations constituted an adjudication on the merits, rendering the second petition second or successive within the meaning of AEDPA); Bottone v. United States, 350 F.3d 59, 63 (2d Cir. 2003)("a petition that has been dismissed as time-barred has been decided on the merits and renders any subsequent petition second or successive under AEDPA"). As such, prior to bringing the present Petition, Petitioner must seek permission from the Court of Appeals to do so. 28 U.S.C. § 2244(b)(3). Petitioner does not contend that he has done so. Moreover, a review of the computerized dockets of the United States Court of Appeals for the Third Circuit[3] does not reveal that Petitioner has obtained that Court's permission. Accordingly, it is respectfully recommended that the Respondents' Motion to Dismiss be granted and that the instant Petition be dismissed as being second or successive.

### D. Certificate of Appealability

A certificate of appealability should be denied because jurists of reason would not find the foregoing debatable.

## III. CONCLUSION

For the reasons set forth herein, it is recommended that the Respondents' Motion to Dismiss, ECF No. 12, be granted and that the Petition be dismissed as a second or successive petition.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.

---

[3] This court may take judicial notice of those dockets. Normand v. McAninch, 210 F.3d 372 (Table), 2000 WL 377348, *1 n.1 (6th Cir. 2000) ("Although Petitioner did not introduce the docket sheet as evidence, we note that we may take judicial notice of proceedings in other courts of record."); Bass v. Butler, 258 F.3d 176, 179 (3d Cir. 2001).

Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: May 14, 2013

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Nora Barry Fisher
United States District Judge

JOHN W. RALSTON, JR.
BC-6182
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501

All Counsel of Record via CM-ECF

# APPENDIX  A

ASE CLOSED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN W. RALSTON, JR.,                )
                    Petitioner        )
                                      )
            vs.                       )    Civil Action No. 94-660
                                      )    Judge Gustave Diamond/
WILLIAM LOVE, Respondent and          )    Magistrate Judge Sensenich
THE ATTORNEY GENERAL OF THE           )    Re:  Docs. # 15 & 16
COMMONWEALTH OF PENNSYLVANIA,         )
Additional Respondent                 )

## MEMORANDUM ORDER

Petitioner's petition for writ of habeas corpus was
received by the Clerk of Court on April 19, 1994, and was
referred to United States Magistrate Judge Ila Jeanne Sensenich
for report and recommendation in accordance with the Magistrates
Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the
Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed
on August 18, 1995, recommended that petitioner's Motion to
Dismiss Entire Petition without Prejudice for Failure to Exhaust
State Remedies be granted, that petitioner's petition for a writ
of habeas corpus be dismissed and that a certificate of probable
cause be denied. The parties were allowed ten (10) days from the
date of service to file objections. Service was made on
petitioner by delivery to the State Correctional Institution at
Huntingdon, Pennsylvania, where he is incarcerated and on
respondents. No objections have been filed. After review of the
pleadings and documents in the case, together with the report and
recommendation, the following order is entered:

AND NOW, this _31st_ day of _August_, 19 _95_;

IT IS HEREBY ORDERED that petitioner's Motion to Dismiss Entire Petition without Prejudice for Failure to Exhaust State Remedies is granted and that petitioner's petition for a writ of habeas corpus is dismissed.

IT IS FURTHER ORDERED that a certificate of probable cause is denied.

The report and recommendation of Magistrate Judge Sensenich, dated August 18, 1995, is adopted as the opinion of the court.

_Gustave Diamond_
Gustave Diamond
United States District Judge

cc:   Ila Jeanne Sensenich
      U.S. Magistrate Judge

      John W. Ralston, Jr., BC-6182
      S.C.I. Huntingdon
      Drawer R
      1100 Pike Street
      Huntingdon, PA  16654-1112

      Thomas W. Minett, Esquire
      Assistant District Attorney
      Lawrence County
      Court House Hill
      New Castle, PA  16101

      Attorney General's Office
      4th Floor, Manor Complex
      564 Forbes Avenue
      Pittsburgh, PA  15219

2

# APPENDIX B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN W. RALSTON, JR.          )
                  Petitioner,  )
                               )
        v.                     )   Civil Action No. 00-0137
                               )   Judge Gustave Diamond/
WARDEN MR. ROSEMEYER,          )   Magistrate Judge Sensenich
                  Respondent,  )

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

        It is recommended that the petition for writ of habeas
corpus be dismissed as untimely.  It is further recommended that
a certificate of appealability be denied.

II.  REPORT

        Petitioner John W. Ralston, Jr. a prisoner presently
incarcerated at the State Correctional Institution at Albion,
Pennsylvania, brings this habeas corpus petition pursuant to 28
U.S.C. § 2254, challenging his conviction on charges of
involuntary deviate sexual intercourse and incest and the
sentence of twenty-two and one-half to forty-five years'
imprisonment, imposed by the Court of Common Pleas of Lawrence
County, Pennsylvania, on November 3, 1989 at Nos. 325, 325A and
325B of 1988.  For the reasons that follow, the petition should
be dismissed as untimely in accordance with 28 U.S.C. § 2244(d).

    Procedural History

        Petitioner was convicted of involuntary deviate sexual
intercourse and incest by a jury in the Lawrence County Court of

Common Pleas on July 21, 1988. Following unsuccessful post-trial motions, he was sentenced by Judge Francis X. Caiazza[1] on November 3, 1989 to serve twenty-two and one-half to forty-five years in prison. He was represented at trial and sentencing by Harry Falls, Esquire.

Petitioner appealed to the Pennsylvania Superior Court at No. 1882 Pittsburgh 1988. He presented the following four issues:

> 1. Should Defendant have been granted a continuance to obtain the presence of a witness?
> 2. Was testimony of alleged prior sexual activity improperly admitted?
> 3. Was cross-examination of a Commonwealth witness improperly curtailed?
> 4. Was Defendant prejudiced by the Court's charge?

The Superior Court affirmed the conviction and judgment of sentence on November 9, 1990. <u>Commonwealth v. Ralston</u>, 585 A.2d 539 (Pa. Super. 1990.)

Thereafter, he filed a petition for allowance of appeal with the Supreme Court of Pennsylvania at No. 656 W.D. Allocatur Docket 1990. That petition was denied on May 19, 1991. <u>Commonwealth v. Ralston</u>, 592 A.2d 1299 (Pa. 1991).

On October 9, 1991, Petitioner filed a pro se petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-46 (PCRA). Thereafter, the court appointed Attorney

---

[1]Judge Caiazza is now a magistrate judge in this Court.

Gregory S. Fox to represent him. On February 4, 1992, counsel filed an amended petition arguing that Petitioner's trial counsel was ineffective, that errors were made during the trial, and that the offenses should have merged for sentencing purposes. Specifically, the following arguments were presented:

> 1. Petitioner's trial counsel was ineffective because:
>     a. he failed to file a Bill of Particulars;
>     b. he failed to file a Notice of Alibi Defense;
>     c. he failed to request a jury instruction for the alibi defense;
>     d. he failed to cross examine a prosecution witness;
>     e. he failed to sequester witnesses;
>     f. he failed to forward the decisions of the appellate courts to him;
>     g. he failed to object to the jury viewing of the house on Nashua Road; and,
>     h. he failed to secure the presence of witnesses, including his son.
> 2. The trial court erred by:
>     a. permitting the victim to "testify about alleged instances of sexual misconduct that were barred by the Statute of Limitations;"
>     b. permitting the jury to receive three verdict slips instead of three hundred; and,
>     c. improperly referring "to the 'guilt or innocence' of the defendant instead of the standard of 'beyond a reasonable doubt.'"
> 3. The three offenses for which he was convicted should have been merged for purposes of sentencing.

A hearing was held on April 7, 1992 before President Judge Glenn McCracken. On October 8, 1992, the PCRA court denied relief and dismissed the petition. Petitioner, still represented by Attorney Fox, appealed to the Superior Court at No. 1787 Pittsburgh 1992. He presented three issues:

I.   WAS TRIAL COUNSEL INEFFECTIVE?

\* \* \*

II.  DID THE TRIAL COURT IMPROPERLY ADVISE THE
JURY AS TO THE BURDEN OF GUILT FOR THE ONE HUNDRED
COUNTS LISTED ON EACH VERDICT SLIP?

\* \* \*

III. DID THE TRIAL COURT IMPROPERLY ADMIT EVIDENCE
OF PRIOR SEXUAL MISCONDUCT AND THEN IMPROPERLY
INSTRUCT THE JURY?

On May 19, 1993, the Superior Court affirmed the PCRA

court's denial of the petition.  Commonwealth v. Ralston, 631

A.2d 216 (Pa. Super. 1993).    Thereafter, Petitioner filed a

petition for allowance of appeal with the Pennsylvania Supreme

Court at No. 327 W.D. Allocatur Docket 1993, raising the exact

same issues he presented to the Superior Court.    That petition

was denied on March 11, 1994.  Commonwealth v. Ralston, 641 A.2d

584 (Pa. 1994).

Petitioner then filed an action for habeas corpus in

this Court on April 19, 1994, docketed at Civ. A. No. 94-660.

The following grounds for relief were presented:

> A.   Conviction obtained by use of evidence gained
> pursuant to an unconstitutional search & seizure.
>
> B.   Conviction obtained by the unconstitutional
> failure of the prosecution to disclose to the
> defendant evidence favorable to the defendant.
>
> C.   Conviction obtained by a violation of the
> protection against double jeopardy.
>
> D.   Denial of right to meaningful appeal.

On August 18, 1995, a report and recommendation was filed, recommending that Petitioner's motion to dismiss be granted so that he could pursue his unexhausted claims - the first three of the four in the petition - in the state courts. On August 31, 1995, the report and recommendation was adopted by the Court.

Thereafter, Petitioner filed another PCRA petition pro se on March 21, 1996. He raised the following issues:

> ATTORNEY HARRY O. FALLS LIED TO COURT! PCRA ATTORNEY GREGORY S. FOX, MISLEAD DEFENDANT. PCRA JUDGE GLENN MCCRACKEN SHOULD OF RECUSED HIMSELF, AS HIS DAUGHTER WAS ON THE WITTNESS LIST. A TAINTED WITTNESS, NOT NOTIFIED ON PAROLE, FAILURE TO DISCLOSE EVIDENCE FAVORABLE TO DEFENDANT. ITEM STOLEN FROM HOUSE A CAR TURNED UP WITH THE PROSECUTION.
> THE ORIGINAL WORDING BEFORE THE JURY WENT OUT WAS CHANGED TO HURT DEFENDANT. LETTERS - FROM OUTSIDE ATTORNEYS - PROOF THAT PROSECUTRIX PURJURED HER TESTIMONY.

Judge McCracken appointed Attorney Joseph J. Kearney to represent him. Hearings were held on April 29, 1996, June 6, 1996 and January 14, 1997. On February 28, 1997, the court denied the PCRA petition.

Petitioner, still represented by Attorney Kearney, appealed to the Superior Court at No. 633 Pittsburgh 1997. He raised only one issue: "Was trial counsel ineffective in failing to secure a witness for the Defendant by the name of Eli Ralston, at Trial?" (Super. Ct. Br. at 2.) On February 4, 1998, the

Superior Court affirmed the judgment of the PCRA court. Commonwealth v. Ralston, 714 A.2d 1088 (Pa. Super. 1998).

Petitioner, still represented by Attorney Kearney, filed a petition for allowance of appeal in the Pennsylvania Supreme Court at No. 136 W.D. Allocatur Docket 1998. He presented four claims:

> 1. Are there sufficient grounds upon which this Court should overturn the recent decision of the Superior Court of Pennsylvania in Commonwealth v. Alcorn, No. 1134 Philadelphia 1997, filed December 17, 1997?
> 2. Does [Petitioner] have a right to Appeal that is independent and distinct from whether the Lower Court may or may not have had jurisdiction to hear [his] Post Conviction Collateral Relief Petition?
> 3. Did the Commonwealth of Pennsylvania waive the timeliness of [his] Petition by failing to file a Motion to Dismiss?
> 4. Did the Superior Court err in failing to consider the exceptions to the filing deadlines stated in 42 Pa. C.S. Section 9545?

On January 20, 1999, the court denied the petition. Commonwealth v. Ralston, 735 A.2d 1268 (Pa. 1999).

Claims in this Petition

On January 31, 2000, Petitioner filed the instant petition, and therefore the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA), effective April 24, 1996, apply to it. Lindh v. Murphy, 521 U.S. 320 (1997). The petition requests relief based on the following grounds:

A. Conviction obtained by use of evidence gained by use pursuant to and unconstitutional search & seizure.
B. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
C. Conviction obtained by a violation against double Jeopardy.
D. Denial of right to meaningful appeal.
E. Improperly admitted: Prior Alleged Criminal Conduct, Improper Verdict Slip Waiver, Failure To Give Alibi Instruction, Failure To Examine Witness For Bias, Jury View Of Nashua Rd. Residence, Failure Of Counsel To Notify Defendant Of Appellate Decision, Failure To Sequester Witnesses, Improper Reference To Innocence, I WANT TO BRING IT TO THE COURTS ATTENTION: !! I am not in possession of my legal materials!!

I have never in all my years in prison been [able] to get a copy of all my transcripts! This is a constitutional issue of appeal. I want to be [able] to amend this HABEAS CORPUS!

The P.C.R.A. Judge should [have recused] himself, his daughter was on the witness list, There is a charge of Incest, − the defendant was never married to her Mother, and is not her natural Father, Petitioner's car was robbed in the Courts parking lot and things were stolen by the [prosecution's] main witness were used and withheld by [District] Attorney! [Petitioner's] trial counsel H. Falls lied under [oath], and to his own client! Several (DOCUMENTS) were not [able] to be recovered and placed in EVIDENCE, that clearly showed that the witness [gave] false testimony, About prior conduct, marriage, and direct testimony is not the same that was stated in another trial in the State of Florida!
All of these things together, as well as [INDIVIDUALLY], would show a clear and [convincingly] that "I" was not guilty! Further Medical records would show I was not [capable] of the actions as so testified [to].

(Pet. ¶ 13.)

Respondent argues that the petition should be dismissed because: 1) it was filed beyond the statute of limitations for federal habeas corpus petitions; 2) all of the claims raised herein except for the challenge to "denial of meaningful appeal" are not exhausted and are therefore procedurally barred from review; 3) he makes generalized claims without referencing facts in support of the separate claims; 4) the Superior Court did not reach the merits of his most recent PCRA petition, but concluded that it had been untimely filed, an independent and adequate state court procedural finding barring review; 5) the claims asserted in state court were state law issues, not constitutional grounds; and 6) he raises a Fourth Amendment issue not cognizable in federal habeas corpus. The limitations issue should be addressed prior to the other arguments. See Jones v. Morton, 195 F.3d 153 (3d Cir. 1999) (although the district court held that the petitioner's third habeas petition was successive, was time barred and was meritless, the Court of Appeals did not reach the merits, but affirmed on the statute of limitations issue).

### Time Period for Filing Federal Habeas Corpus Petitions

Respondent argues that the petition should be dismissed as untimely under the one-year limitation period applicable to federal habeas corpus petitions. The AEDPA enactments included several major reforms to the federal habeas corpus laws. In section 101 of the AEDPA, Congress imposed a new one-year

limitations period applicable to state prisoners, which provides

as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas

corpus has been timely filed under the new one-year limitations

period, a federal court must undertake a two-part inquiry. First, the court must determine the date that the petitioner's direct review became final for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any properly filed applications for post-conviction or collateral relief were pending during the limitations period that would "toll" the statute pursuant to section 2244(d)(2).

Direct review of Petitioner's 1988 conviction and sentence concluded on May 19, 1991, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. Because the time for his direct appeal expired prior to the 1996 enactment of the AEDPA, Petitioner had a one-year grace period from the effective date of the AEDPA, April 24, 1996, within which to file a federal habeas petition. See Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir. 1998).

Petitioner did not file his federal habeas petition by April 23, 1997. Instead, his habeas petition was filed with this Court on January 21, 2000. As a result, this Court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). As stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

- 10 -

shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In Lovasz v. Vaughn, 134 F.3d 146 (3d Cir. 1998), the Court of Appeals for the Third Circuit addressed the question of what constitutes a "properly filed application" under the AEDPA. In Lovasz, the court determined that "'a properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Id. at 148. More recently, the Court of Appeals held that, "if the state court dismisses [a] PCRA petition for untimeliness, the AEDPA statute of limitations would not have been tolled during its pendency, and the limitations period would ... run out." Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999).

If Petitioner's March 21, 1996 PCRA petition was "a properly filed application," then the limitations period would have been tolled until the Pennsylvania Supreme Court denied the petition for allowance of appeal on January 20, 1999. However, the record reveals that Petitioner's March 1996 PCRA petition was determined not to have been timely filed. The Superior Court, on appeal from the order denying the petition, stated as follows:

> [Petitioner's] judgment of sentence on his 1988 conviction of multiple counts of involuntary deviate sexual intercourse and incest became final at the conclusion of direct review by this Court and the Supreme Court, on May 9, 1991. 42 Pa. C.S. § 9545 **Jurisdiction and proceedings** (b) **Time for filing petition** (3). His first PCRA petition

was filed on November 6, 1991 and amended on
February 4, 1992. After the denial of that
petition by the trial court, the affirmance of
that denial by the Superior Court and the denial
of a petition for allowance of appeal to the
Supreme Court, [he] filed a second PCRA petition.
The filing date of that second petition was March
26, 1996 and it was denied approximately one year
later on March 10, 1997.

Pursuant to the recent amendments to the Post
Conviction Relief Act, enacted November 17, 1995
and effective sixty days thereafter, which limited
the time for filing PCRA petitions to one year
from the date the judgment becomes final, and
pursuant to this Court's holding in **Commonwealth
v. Alcorn**, __ A.2d __ (Pa. Super., filed
12/17/97), the denial of [his] petition must be
upheld. Although that petition was denied by the
trial court on its merits, because the petition
was untimely under 42 Pa. C.S. § 9545, the trial
court lacked jurisdiction to hear it.
Consequently, even though our decision is based
upon reasoning other than that employed by the
trial court, the denial of [his] second PCRA
petition must be affirmed.

(Pa. Super. Ct. Op. Feb. 2, 1998 at 1-2.)

Thus, the filing of the March 1996 PCRA petition cannot
serve to toll the statute of limitations under AEDPA. Because
his habeas petition was not filed in this Court by April 23,
1997, and because no "properly filed application" served to toll
the statute of limitations, this petition is untimely and it
should be dismissed. Therefore, it is unnecessary to address
Respondent's other arguments that the petition contains claims
that were not exhausted, that they are procedurally barred from

review and that he raises state law issues and a Fourth Amendment issue not cognizable in federal habeas corpus.

### Certificate of Appealability

The decision whether to grant or deny a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983). If a certificate of appealability is granted, the Court of Appeals must consider the merits of the appeal. However, when the district court denies a certificate of appealability, the Court of Appeals can still grant one if it deems it appropriate. 28 U.S.C. § 2253.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (amended Apr. 24, 1996). This petition does not present a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should be denied.

Therefore, it is recommended that the petition for writ of habeas corpus be dismissed as untimely. It is further recommended that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.

Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

ILA JEANNE SENSENICH
UNITED STATES MAGISTRATE JUDGE

Dated: June 27, 2001

cc: The Honorable Gustave Diamond
    United States District Judge

    Paul R. Gettleman, Esquire
    R.D. 2
    Box 327
    Portersville, PA   16051

    Matthew T. Mangino
    County Solicitor
    Lawrence County Government Center
    430 Court Street
    New Castle, PA   16101

    Thomas W. Minett
    Office of the District Attorney
    Court House Hill
    New Castle, PA   16101